STATE OF NORTH CAROLINA v. ROBERT MURRAY VERNON

No. 7926SC696

(Filed 4 March 1980)

Searches and Seizures § 11— inventory search of car—police procedures not followed—no probable cause to search
    An officer who searched defendant's car completely failed to follow the standard procedures for towing and inventory established by the Charlotte Police Department, and the search therefore could not be upheld as a valid inventory search; nor were there probable cause and exigent circumstances to search the vehicle where the officer had no reason to believe that contraband would be found in the car of defendant, who allegedly served as a bodyguard for a person who made a prearranged drug sale to officers, and, even if probable cause had existed, officers could have obtained a warrant before searching the car, since the owner had been placed under arrest and the car was parked in a motel parking lot.

APPEAL by defendant from *Allen (C. W.), Judge.* Judgment entered 5 April 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 January 1980.

Defendant was indicted for possession of marijuana with intent to sell and deliver (Case # 78CR133978), possession of more than one ounce of marijuana (Case # 78CR133977), felonious sale and delivery of 3, 4-Methylenedioxy Amphetamine (Case # 78CR133976), and conspiring to possess and possession of 3, 4-Methylenedioxy Amphetamine with intent to sell and deliver (Case # 78CR11777). He was found not guilty on the 3, 4-Methylenedioxy Amphetamine charges and guilty on the charges relating to marijuana. The trial court arrested judgment in Case # 78CR133977, and in Case # 78CR133978, possession of marijuana with intent to sell and deliver, sentenced the defendant to 2-5 years. This appeal relates only to Case # 78CR133978 (possession of marijuana).

Prior to trial defendant moved to suppress evidence, and a voir dire hearing was held. Evidence was presented that on 6 September 1978, Officer Clark of the SBI arranged to meet one Charles Frank Pridgen at a Charlotte Holiday Inn, where Pridgen would sell to Clark 3, 4-Methylenedioxy Amphetamine (MDA) for $13,300. Clark saw Pridgen arrive at the motel in a dark green Chevelle, followed immediately by a new orange Corvette driven by defendant and with one Emory Lifsey in the passenger seat. Pridgen came into Clark's room and sold him MDA. Lifsey waited outside Clark's room on the balcony, and defendant remained standing beside the Corvette. Clark asked Pridgen who the two others were and Pridgen said they were his bodyguards. He asked whether Clark were interested in purchasing any Columbian marijuana, and Clark said no. When Pridgen left, Clark advised other law enforcement officers to arrest Pridgen, Lifsey and defendant.

All three men were arrested in the motel parking lot. Officer Cochran of the Charlotte Police arrested . defendant, and he testified, "After I arrested Mr. Vernon, I decided to tow the Corvette to the police station because I didn't want to be responsible for it being damaged for being left out there." Cochran then "started inventorying" the car, and found in the passenger compartment a large cloth bag containing marijuana. Defendant asked that the Corvette not be towed because of the damage a wrecker might do, so Cochran drove it to the police department. The car

was never actually towed or stored. Pridgen's Chevelle was not towed because it was "battered up" and the officers felt there would be no danger in leaving it there.

Defendant's motion to suppress was denied, the court having determined that Office Cochran had discovered the marijuana pursuant to a valid inventory search. The evidence presented by the State before the jury was substantially the same as that given on voir dire. Defendant presented no evidence. Verdicts were returned as set out above, and defendant appeals from his conviction for possession of marijuana with intent to sell and deliver.

*Attorney General Edmisten, by Associate Attorney Sarah C. Young, for the State.*

*Levine, Goodman and Pawlowski, by Paul L. Pawlowski, for defendant appellant.*

ARNOLD, Judge.

The trial court upheld the search of the Corvette defendant had driven to the motel as a valid inventory search. The recent decision of our Supreme Court in *State v. Phifer*, 297 N.C. 216, 254 S.E. 2d 586 (1979), however, reveals that the search cannot be upheld on that ground. Here, as in *Phifer*, the officer who searched the defendant's car completely failed to follow the standard procedures for towing and inventory established by the Charlotte Police Department. These procedures provide in part:

B. Citizens should be allowed to make disposition of their vehicles when:

1. The driver or owner is on the scene.

2. In the officer's judgment the subject is capable of making such disposition.

3. Said disposition does not interfere with the case or create a traffic problem.

Officer Cochran, who searched defendant's car, testified at trial that defendant was present and competent to make a decision about the disposition of the car; that the car was presenting no traffic hazard, parked as it was in the Holiday Inn parking lot;

and that towing the car was in no way necessary to the arrests for the sale of MDA. Cochran admitted that his actions with regard to defendant's vehicle were contrary to police department policy. Further, he testified that he decided to tow the Corvette "so it would not be damaged." Nowhere in the Charlotte Police Department statement of procedures for towing and inventory does this appear as a ground upon which an officer may decide to tow a vehicle. There is no evidence of any other circumstances which would bring the inventory and towing of this vehicle within the police department procedures.

The court in *Phifer*, having found the search there invalid as an inventory search, upheld it on the basis that there was probable cause to search. We find that in the present case the necessary probable cause and exigent circumstances to justify the search do not appear. Charles Frank Pridgen went to the Holiday Inn to make a prearranged sale of MDA. He arrived in a Chevelle, followed by defendant and another man in a Corvette. Defendant remained standing by the Corvette, while Pridgen went into the motel and completed the prearranged sale. He indicated during the sale that defendant was his bodyguard. All three men were arrested immediately after Pridgen left the motel room. Upon these facts, no probable cause appears for a search of defendant's car. "Probable cause . . . may be defined as a reasonable ground of suspicion supported by circumstances sufficiently strong to lead a man of prudence and caution to believe defendant's car contained contraband of some sort." *State v. Phifer, supra* at 225, 254 S.E. 2d 590. At the time of the search, the prearranged drug sale, in which defendant participated at most as a lookout or bodyguard, had been completed. Pridgen, the seller, had not arrived at the scene in defendant's car. There is no evidence that the officer who conducted the search had knowledge of Pridgen's offer to sell Clark marijuana in addition to the MDA. Viewing the totality of circumstances here we cannot say that a prudent and cautious person would believe contraband would be found in defendant's car at the time it was searched by Officer Cochran.

Furthermore, if probable cause had existed, we find no exigent circumstances which would justify a warrantless search. See *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. denied* 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971). Prior to the search, defendant and his companions had

been placed under arrest. The situation was not one where it was " 'not practicable to secure a warrant, because the vehicle [could] be quickly moved out of the locality.' " *Carroll v. United States*, 267 U.S. 132, 153, 69 L.Ed. 2d 543, 551, 45 S.Ct. 280, 285 (1925), quoted in *Coolidge v. New Hampshire, supra* at 460, 29 L.Ed. 2d 579, 91 S.Ct. 2034.

It is well-established that warrantless searches are per se unreasonable unless they fall within a specific exception. *Coolidge v. New Hampshire, supra.* Neither the inventory search exception nor the exception for probable cause plus exigent circumstances applies here. Accordingly, the marijuana found in defendant's car was the fruit of an illegal search and should have been suppressed. *State v. Chambers*, 41 N.C. App. 380, 255 S.E. 2d 294 (1979), relied upon by the State, is distinguishable upon its facts.

For the reversible error committed by the court in denying his motion to suppress, in Case # 78CR133978, defendant is entitled to a

New trial.

Judges CLARK and ERWIN concur.